UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN HENDERSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1766 |
| | § | |
| SAF-TECH, INC., *et al*., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendants Saf-Tech, Inc., Repair-Tech, Inc., and Steve McCrory d/b/a McCrory and Associates' ("Defendants") motion to dismiss for lack of subject matter jurisdiction. Dkt. 6. After considering the complaint, motion, responses, and applicable law, the court is of the opinion that defendants' motion to dismiss should be **DENIED**.

**I. BACKGROUND**

On June 18, 2013, Kristen Henderson ("Henderson") filed a complaint against defendants asserting claims that her employer engaged in unlawful employment practices—including sexual harassment and retaliation—in violation of Title VII and the Texas Labor Code. Dkt. 1 at 7. Henderson alleges that she was an employee of all defendant entities from February 2008 through June 2011. *Id.* She contends that the defendant entities employed more than 15 employees. *Id.* at 3. She claims that during her employment she was subjected to unwanted verbal and physical sexual harassment by her direct supervisor. *Id.* at 7.

On August 12, 2013, defendants filed a 12(b)(1) motion to dismiss the original complaint for lack of subject matter jurisdiction. Dkt. 6. Defendants argue Title VII does not apply in this case because Henderson was employed solely by McCrory & Associates, a company with fewer than 15

employees. *Id.* at 2. Defendants assert that because the Title VII numerosity requirement is not met by McCrory & Associates, Henderson's claims should be dismissed for lack of subject matter jurisdiction. *Id.* In the event that this court determines that the Title VII employee-numerosity requirement is not a jurisdictional issue, defendants request that their Rule 12(b)(1) motion to dismiss be converted to a Rule 56 motion for summary judgment because the jurisdictional issue is intertwined with the merits of the case. Dkt. 9 at 3. Henderson has responded to defendants' motion to dismiss, arguing that the numerosity requirement of Title VII is not a jurisdictional issue and that defendants' 12(b)(1) motion cannot be converted to a motion for summary judgment. Dkt. 8 at 2.

## II. LEGAL STANDARD

A party may challenge the subject matter jurisdiction of a district court pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.* 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court may consider any of the following in order to rule on a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Under Rule 12(b)(1), the Fifth Circuit recognizes two types of challenges to a court's subject-matter jurisdiction—facial attacks and factual attacks. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When a defendant files a 12(b)(1) motion unaccompanied by supporting evidence, it is considered a facial attack and the court merely looks "to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* In the event that a defendant

makes a factual attack on the court's subject matter jurisdiction, the defendant submits affidavits, testimony or other evidentiary materials. *Id.* When resolving these factual challenges to subject matter jurisdiction, the court has discretion to review documents outside of the pleadings without converting to a Rule 56 motion for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *see also Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986).

### III. ANALYSIS

Defendants maintain that the court lacks subject matter jurisdiction because Henderson's only employer, McCrory & Associates, did not employ more than 15 employees as required under Title VII. Conversely, Henderson alleges that she was employed by all defendant entities, which employed more than 15 employees.

Defendants' 12(b)(1) argument is a factual attack to the court's subject matter jurisdiction based on several affidavits and records submitted. Thus, the court is allowed to consider undisputed facts and resolve factual disputes if the court determines that the numerosity requirement of Title VII is a jurisdictional element of plaintiff's claim. The Supreme Court, however, has made it clear that the employee-numerosity requirement is not a jurisdictional issue. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006), the Court decided whether the Title VII coverage requirement that an employer have fifteen or more employees was necessary for a court's subject matter jurisdiction as opposed to merely being an element of the claim. *Arbaugh*, 546 U.S. at 500. The Court expressly held that "Title VII's numerical threshold does not circumscribe federal-court subject-matter jurisdiction." *Id.* at 501. Instead, the employee-numerosity requirement relates to the "substantive adequacy" of a plaintiff's Title VII claim. *Id.* In accordance with the Supreme Court's decision in *Arbaugh*, the court does not find that the Title VII employee numerosity requirement is a jurisdictional obstacle to plaintiff's claim. On this basis, defendant's Rule 12(b)(1) motion is denied.

3

"Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.1981). Because there is no jurisdictional issue, defendants' argument attacks the merits of Henderson's Title VII claim and is more properly considered a motion to dismiss under Rule 12(b)(6) rather than Rule 12(b)(1). *Beta Tech., Inc. v. Meyers*, 2013 WL 5602930, *2 (S.D. Tex. Oct. 10, 2013) (finding 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was actually an attack on the merits of the claim, and construing it as a motion to dismiss for failure to state a claim under Rule 12(b)(6)). Accordingly, the court will construe defendants' 12(b)(1) motion as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a case can be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). Though a complaint does not need detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003). Moreover,

"the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

In conducting this analysis, this court confines itself to the complaint and does not consider the defendants' affidavits attached to the motion. In her complaint, Henderson asserts that she was employed as a customer service representative by all three defendants from February 22, 2008 through June 24, 2011. Dkt. 1 at 3. Henderson states that Steve McCrory, individually, does business as McCrory and Associates, and that she was nominally hired by Saf-Tech, Inc., but was employed by all defendant entities. *Id.* She alleges that defendant entities employed more than 15 employees. Dkt. 1 at 3. Taking these assertions as true and construing them in the light most favorable to the plaintiff, Henderson's complaint states a valid claim under Title VII. Therefore, Henderson's complaint survives a 12(b)(6) motion to dismiss for failure to state a claim.

Defendants, alternatively, requested that this court convert their 12(b)(1) motion into a Rule 56 motion for summary judgment. The Fifth Circuit has held that a "Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment." *Green v. Forney Eng'g Co.*, 589 F.2d 243, 246 (5th Cir. 1979). Even if converting to a Rule 56 motion for summary judgment were permitted, such a conversion would be premature. Discovery is not scheduled to be complete until March 2014, and the present record is not sufficiently developed by both parties. Defendants may revisit this issue in a Rule 56 motion, but under Rule 12(b)(1) and 12(b)(6), the court must deny the motion to dismiss Henderson's claims.

5

## IV. Conclusion

Based on the foregoing, defendants' 12(b)(1) motion to dismiss (Dkt. 6) is DENIED. Defendants' request to convert their 12(b)(1) motion to dismiss into a motion for summary judgment is also DENIED without prejudice to refiling at a later date.

It is so **ORDERED**.

Signed at Houston, Texas on December 30, 2013.

_____
Gray H. Miller
United States District Judge